**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| BUILDERS INSULATION OF TENNESSEE, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 2:17-cv-02668-TLP-tmp |
| v. | ) ) | |
| SOUTHERN ENERGY SOLUTIONS, a Tennessee General Partnership; THOMAS WALKER DAVIS, a/k/a Thom Davis; and TERI LEIGH DAVIS, a/k/a/ Teri Davis, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFF'S PARTAL MOTION TO DISMISS**

Plaintiff moves for partial dismissal of Defendants' counterclaims in this action for

failure to state a claim under Rule 12(b)(6). (ECF No. 37.) For the reasons below, the Motion is

GRANTED.

**BACKGROUND**

During September 2013, Plaintiff participated in conversations with Defendant Thomas

Walker Davis about Plaintiff potentially hiring him as an employee. (ECF No. 1 at PageID 3.)

At that time, Mr. Davis and his wife, Defendant Teri Leigh Davis, were the general partners of

Southern Energy Solutions ("SES"). (*Id.* at PageID 2.) Mr. and Mrs. Davis represented to

Plaintiff that they were winding down business operations of SES. (*Id.* at PageID 3.) Plaintiff

then hired Mr. Davis as an employee. (*Id.*) Mr. Davis, as an individual and not as an agent of

SES, bid on projects on behalf of Plaintiff, and Plaintiff would provide labor and materials for

those various projects.  (*Id.*)  After about two years, the business relationship between Mr. Davis and Plaintiff ended.  (*Id.* at PageID 3–4); (ECF No. 33, at PageID 127.)  The parties are now in dispute about their relationship and how it ended.

Plaintiff maintains that "without notice to [Plaintiff]; (1) Office furniture which was utilized to conduct business at the Memphis Branch was removed; (2) Business activity from the Memphis Branch ceased; and (3) [Mr. Davis] unilaterally quit as an employee of [Plaintiff]." (ECF No. 1 at PageID 4.)  Around the time that Plaintiff learned that Mr. Davis had stopped working on its behalf, Plaintiff also learned that SES leased space near Plaintiff's Memphis Branch.  (*Id.* at PageID 4, 10.)  By contrast, Mr. Davis simply asserts that Plaintiff terminated him.  (ECF No. 33 at PageID 127.)

On that basis, Plaintiff filed a Complaint against Defendants asserting ten claims—(1) conversion; (2) actual fraud/intentional misrepresentation; (3) negligent misrepresentation; (4) breach of employee's fiduciary duty; (5) tortious interference with business relationships; (6) improper interference with business prospects; (7) breach of employment contract; (8) funds held in trust; (9) unjust enrichment; (10) violation of the implied duty of good faith and fair dealing. Defendants then counter-sued, asserting four claims against Plaintiff—(1) unjust enrichment; (2) breach of employment contract; (3) tortious interference with existing business relationships; (4) promissory estoppel.  (ECF No. 33.)

Plaintiff then moved to dismiss Count Three (tortious interference with existing business relationships) and Count Four (promissory estoppel) of Defendants' Counterclaim, arguing that Defendants failed to state a claim upon which relief could be granted.  (ECF No. 37.)

<u>**STANDARD OF REVIEW**</u>

The Court begins its analysis of the motion here with Rule 12(b)(6).  A party may move

to dismiss a claim under Rule 12(b)(6) for "failure to state a claim upon which relief can be

granted."  Fed. R. Civ. P. 12(b)(6).  When considering the motion, a district court should

construe the allegations in the "light most favorable" to the non-moving party and accept all

"well-pled allegations as true."  *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 274 (6th Cir. 2010)

(citing *Jones v. City of Cincinnati,* 521 F.3d 555, 559 (6th Cir. 2008)).  Simply put, a claim that

"contains 'either direct or inferential allegations respecting all material elements' necessary for

recovery under a viable legal theory" is a well-pleaded claim.  *Phil. Indem. Ins. Co. v. Youth*

*Alive, Inc.,* 732 F.3d 645, 649 (6th Cir. 2013) (quoting *Terry,* 604 F.3d at 275–76).

Although "detailed factual allegations" are not required, a claimant must still "provide

the grounds of his entitlement to relief" beyond just "labels and conclusions" or a "formulaic

recitation of the elements of a cause of action."  *Twombly,* 550 U.S. at 555 (internal citations and

quotation marks omitted); *see Terry,* 604 F.3d at 275–76 (A court does not have to accept as true

mere "legal conclusions or unwarranted factual inferences.").  In the end, "the court is not

required to accept [claimant's] characterization of the conduct as opposed to the plaintiff's

factual description of the conduct itself."  *Tankesly v. Corr. Corp. of Am.*, No. 3:14-CV-0911,

2017 WL 3034654, at \*20 (M.D. Tenn. July 18, 2017).

Rule 8 of the Federal Rules of Civil Procedure also provides guidance about the

requirements for a complaint and a counterclaim.  According to Rule 8, a complaint (or

counterclaim) must contain "a short and plain statement showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  In practice, Rule 8 requires that a "[counterclaim] must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

## ANALYSIS

Plaintiff moves to dismiss two of Defendants' counterclaims— for tortious interference with existing business relationships and unjust enrichment.

## I.     Defendants' Counterclaim for Tortious Interference Is Insufficient Under Rule 8.

The elements of tortious interference are "(1) the existence of a business relationship or expectancy (not necessarily contractual); (2) knowledge by the interferer of the relationship or expectancy; (3) an intentional act of interference; (4) proof that the interference caused the harm sustained; and (5) damage to the plaintiff." *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 699 (Tenn. 2002).[1]   Plaintiff argues that Defendants have not alleged those elements.  (ECF No. 37-1 at PageID 142.)

For example, Defendants merely state that "Southern Energy had specific, existing business relationships with three longtime customers and builders" and that "[Plaintiff] had knowledge of these relationships and intentionally, maliciously, and without justification acted to interfere with these relationships."  (ECF No. 33 at PageID 129.)  Nowhere in the Counterclaim do Defendants identify those three customers and builders, just as Defendants never explain how Plaintiff knew about these supposed relationships.  Defendants merely asserted conclusions rather than facts in an apparent attempt to satisfy the elements of this cause of action.  This is insufficient under Rule 8.

While the Court is already inclined to dismiss Count Three of the counterclaim because the allegations are insufficient, Defendants also failed to respond to Plaintiff's motion to dismiss

---

[1] The Court has diversity jurisdiction under 28 U.S.C. § 1332.

the tortious interference counterclaim.  During a recent Scheduling Conference, counsel for

Defendants acknowledged that they did not respond to that part of the motion to dismiss and did

not explain their failure to do so.  Although the Local Rules for this district do not expressly state

that failure to respond to a motion to dismiss is grounds for granting the motion (*see* LR 12.1(b)

("[a] party opposing a motion to dismiss must file a response within 28 days after the motion is

served.")), such a failure is certainly noteworthy for the Court.  This is especially true when the

counterclaim is so sparse.  For the above reasons, the Court DISMISSES Count Three.

**II.      Defendant's Promissory Estoppel Claim Is Similarly Insufficient under Rule 8.**

Under Tennessee law, succeeding on a promissory estoppel claim requires the party to

show "(1) that a promise was made; (2) that the promise was unambiguous and not

unenforceably vague; and (3) that they reasonably relied upon the promise to their detriment."

*Chavez v. Broadway Elec. Service Corp.*, 245 S.W.3d 398, 404 (Tenn. Ct. App. 2007).  The crux

of a promissory estoppel claim is the promise itself.  *Amacher v. Brown-Forman Corp.*, 826

S.W.2d 480, 482 (Ct. App. Tenn. 1991).

The promise "is the key because the court must know what induced the plaintiff's action

or forbearance; only then would the court be able to prevent the injustice resulting from a failure

to keep the promise."  *Id.*  Also courts "limit[] the application of promissory estoppel to

'exceptional cases.'"  *Shedd v. Gaylord Entertainment Co.*, 118 S.W.3d 695, 700 (Tenn. Ct. App.

2003) (quoting *Baliles v. Cities Service*, 578 S.W.2d 621, 624 (Tenn. 1979)); *see also Chavez*,

245 S.W.3d at 406 ("This court has stated that the doctrine of promissory estoppel is not to be

liberally applied, and its application is limited to exceptional cases where the circumstances

border on actual fraud.").

Here, Defendants' allegations for the promissory estoppel claim do not even include the word "promise." (ECF No. 33 at PageID 129–30.) Defendants allege that "[Plaintiff] made *representations* to [Defendants] that the Meridian Park job should be bid at level one and that product would be billed at level one." (*Id.*) (emphasis added). Unfortunately for Defendants, a representation differs from a promise. *See Chavez*, 245 S.W.3d at 399 (holding that the defendant's representations to the plaintiff about the general condition of a certain job market were too ambiguous and vague to be promises supporting an action for promissory estoppel); *but see EnGenuis Entertainment, Inc. v. Herenton*, 971 S.W.2d 12, 20 (Ct. App. Tenn. 1997) (finding that the plaintiff's allegation that "[t]he City and County repeatedly promised and represented that they would enter into a contract with a private developer for construction of improvements to the Leasehold Space of the Pyramid, and further repeatedly represented and promised to award that contract to EnGenius" was enough to satisfy the first and second elements of a claim for promissory estoppel).

Defendants failed to plead promissory estoppel adequately. The Court finds that Defendants' failure to even reference a specific promise when asserting a counterclaim for promissory estoppel does not satisfy the Rule 12(b)(6) requirement that a claim contain direct or inferential allegations respecting all material elements. *See Phil. Indem. Ins. Co.,* 732 F.3d at 649. The representation at the heart of Defendant's counterclaim does not directly or inferentially satisfy the first material element of a claim for promissory estoppel—that the other party made a promise.

Defendants also fail to plead the second element of promissory estoppel—that the promise was unambiguous and not "unenforceably" vague. There is simply no language in the counterclaim referencing that element. The Court also agrees with Plaintiff that "the

[Defendants'] allegations themselves about the purported representation are ambiguous and vague." (ECF No. 40 at PageID 159.) Even construing the facts in a light favorable to Defendants, there is not enough information in the Counterclaim for Defendants to have sufficiently pleaded the second element of a promissory estoppel claim.

Lastly, the remainder of Defendants' counterclaim for promissory estoppel is simply a recitation of the third element of such a claim. Defendant writes, "As set forth hereinbefore above, [Defendants] detrimentally relied on [Plaintiff's] *representations* . . . [Defendants'] reliance was reasonable and foreseeable." (*Id.*) (emphasis added). Again, such formulaic recitations of the elements of a claim cannot satisfy Rule 8.

While the standard to survive a Rule 12(b)(6) motion is low, a party cannot simply state conclusions, omit elements of a claim, and formulaically recite the elements of a cause of action and survive a motion to dismiss. *See Twombly,* 550 U.S. at 555. Because Defendants did not sufficiently plead their claim for promissory estoppel, Count Four of the counterclaim is also DISMISSED.

## CONCLUSION

For these reasons, Plaintiff's Partial Motion to Dismiss is GRANTED and Count Three—Tortious Interference with Business Relationships and Count Four—Promissory Estoppel of Defendants' counterclaims are DISMISSED without prejudice.

**SO ORDERED**, this 29th day of October, 2018.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE