# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **BUILDERS INSULATION OF TENNESSEE, LLC,** )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>**SOUTHERN ENERGY SOLUTIONS,**<br>A Tennessee General<br>Partnership; **THOMAS WALKER**<br>**DAVIS,** a/k/a Thom Davis;<br>and **TERI LEIGH DAVIS,** a/k/a<br>Teri Davis, )<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | No. 17-cv-02668-TLP-tmp |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND *SUA SPONTE* AMENDING THE COURT'S ORAL ORDER REQUIRING DEFENDANTS TO PRODUCE A MIRROR IMAGE OF THE "ALL-IN-ONE" COMPUTER

Before the court by order of reference is plaintiff Builders Insulation of Tennessee, LLC's ("Builders") Motion to Compel Production of Documents. (ECF Nos. 89; 102.) Defendants Southern Energy Solutions, Thom Davis, and Teri Davis (collectively "SES") have responded in opposition. (ECF No. 93.) At the hearing held on May 1, 2019, the parties represented that only one issue remained in relation to the present motion, which was SES's failure to produce certain bank records (however, emails and other documents at issue in the Motion to Compel are still at issue in relation to the Motion for Sanctions). Specifically, Builders has requested that SES

produce account records for SES's Independent Bank account, ending in #6560, from September 2015 to August 2017. (See ECF No. 39-1 at 5.) SES indicated that, after the motion was filed, SES requested the bank records from its bank. The bank subsequently informed SES that it could provide the records by early May. SES further stated that it would produce those bank records upon receipt. The court hereby orders SES to produce the bank records by **May 15, 2019**. Accordingly, Builders' motion is GRANTED to the extent it seeks production of the bank records.

At the hearing, Builders also requested (for the first time) that SES be required to produce a mirror image of an All-In-One computer, which is apparently in SES's possession. The court orally granted that request; however, upon further review, the court finds the mirror image request to be premature. The Sixth Circuit has stated:

> To be sure, forensic imaging is not uncommon in the course of civil discovery. A party may choose on its own to preserve information through forensic imaging, and district courts have, for various reasons, compelled the forensic imaging and production of opposing parties' computers. *Nevertheless, "[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature." As the Tenth Circuit has noted, albeit in an unpublished opinion, mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures.* And the Sedona

> Principles urge general caution with respect to forensic imaging in civil discovery:
>
>> Civil litigation should not be approached as if information systems were crime scenes that justify forensic investigation at every opportunity to identify and preserve every detail. . . . [M]aking forensic image backups of computers is only the first step of an expensive, complex, and difficult process of data analysis that can divert litigation into side issues and satellite disputes involving the interpretation of potentially ambiguous forensic evidence.
>
> Thus, even if acceptable as a means to preserve electronic evidence, compelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures. . . . ("Courts should guard against undue intrusiveness resulting from inspecting or testing [electronic information] systems.").

John B. v. Goetz, 531 F.3d 448, 459-460 (6th Cir. 2008)(internal citations omitted) (emphasis added); see also FCA US LLC v. Bullock, 329 F.R.D. 563, 567-68 (E.D. Mich. 2019) ("Courts have cautioned that they are 'loathe to sanction intrusive examination of an opponent's computer . . . on the mere suspicion that the opponent may be withholding discoverable information.'" (quoting Diepenhorst v. City of Battle Creek, No. 05-734, 2006 WL 1851243, at *3 (W.D. Mich. June 30, 2006))). Accordingly, the court *sua sponte* amends its oral order and will not **yet** require SES to mirror image its All-In-One computer. However, the court emphasizes that SES is under a continuing duty to preserve any relevant evidence that may exist on that

computer.  In addition, counsel for SES shall ensure that the All-In-One computer is searched and all relevant information contained therein produced by **May 15, 2019**.

Finally, Builders has also requested attorney's fees for preparing and litigating the instant motion.  The court hereby DENIES that request; however, the court may impose sanctions including awarding attorney's fees when it rules on the related Motion for Sanctions (ECF No. 76), which has also been referred to the undersigned.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 1, 2019
Date