```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| **BUILDERS INSULATION OF TENNESSEE, LLC,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 17-cv-02668-TLP-tmp<br>) |
| **SOUTHERN ENERGY SOLUTIONS, A Tennessee General Partnership; THOMAS WALKER DAVIS, a/k/a Thom Davis; and TERI LEIGH DAVIS, a/k/a Teri Davis,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the court by order of reference is plaintiff Builders Insulation of Tennessee, LLC's ("Builders") Renewed Motion for Sanctions, filed on February 26, 2019. (ECF Nos. 76; 102.) On March 11, 2019, defendants Southern Energy Solutions, Thomas Davis, and Teri Davis (collectively "SES") responded (ECF No. 86), and Builders replied on March 29, 2019 (ECF No. 104). Builders supplemented its motion on April 23, 2019 (ECF No. 114), and SES replied to the supplement on April 29, 2019 (ECF No. 116). For the following reasons, the undersigned recommends that Builders' motion be denied.

### I. PROPOSED FINDINGS OF FACT

In September 2015, Builders and Thom Davis entered into discussions pursuant to which Builders Insulation expressed interest in hiring Thom Davis as an employee. (ECF No. 103 at 3 ¶ 8.) Thom and Teri Davis apparently informed Builders that they were winding down the operations of Southern Energy Solutions, a company run by the Davises. (Id. at 3 ¶ 9.) Builders subsequently hired Thom Davis, and he executed an at will employment contract with Builders. (Id. at 3 ¶ 10.) According to Builders, "Builders Insulation and Thom Davis agreed that Thom Davis, as an employee of Builders Insulation, would bid on projects on behalf of Builders Insulation and Builders Insulation would provide labor and materials on those various projects." (Id. at 3 ¶ 11.) Builders alleges that, contrary to their representations, Thom and Teri Davis continued to run SES even after Builders hired Thom Davis. (Id. at 3 ¶ 13.) Builders further contends that "instead of bidding on projects and providing labor and materials for the benefit of Builders Insulation, Thom Davis used Builders Insulation's trucks, equipment, inventory and tools on projects for the benefit of himself, Teri Davis and Southern Energy Solutions." (Id.)

On April 7, 2017, Michael Coaty, an attorney representing Builders, sent Thom Davis the following email:

> I have been representing Builders Insulation for more
> than 20 years. I have been involved in insurance
> coverage issues, indemnification issues and collection
> issues (including construction lien issues) on behalf
> of Builders' Insulation. I understand that you have
> been working out of the Memphis branch for
> approximately 18 months. I am sorry I have not had the
> opportunity to meet with you yet. I hope to meet with
> you face-to-face soon.
>
> I have reviewed the current statement of account for
> Southern Energy Solutions and the background
> documentation regarding the Hampton Inn project
> located in West Plains, Missouri. I have a few
> questions about that project.
>
> Please send to me via email any bid, proposal or
> subcontract you have in your possession involving the
> Hampton Inn project referenced above. My email address
> is set forth above. I am hoping to receive the
> documents from you today if that is possible.

(ECF No. 114-1 at 2.) Coaty subsequently emailed Thom Davis on April 28, 2017, about a project Davis was working on for Builders, and requested the following documents:

> 1. Any subcontract involving Southern Energy Solutions
> and The Hampton Inn located in West Plains, Missouri;
>
> 2. Any subcontract involving Southern Energy Solutions
> and Jimmy Lacy regarding any project in which
> Builders' Insulation employees were on the project
> including, but not limited to The Hampton Inn located
> in West Plains, Missouri;
>
> 3. Any subcontract involving Steve Hari, McRav
> Lodging, LLC or McRav Hotels, LLC regarding all
> projects in which Builders' Insulation employees were
> on the project;
>
> 4. Copies of all checks that Southern Energy Solutions
> received from Steve Hari, McRav Lodging, LLC, McRav
> Hotels, LLC or Jimmy Lacy regarding The Hampton Inn
> located in West Plains, Missouri;

    5. Any subcontract involving Jimmy Lacy on any projects in which Builders' Insulation employees were on the project;

    6. All proposals and bid regarding The Hampton Inn located in West Plains, Missouri;

    7. Subcontracts, bids, proposals and copies of checks that Southern Energy Solutions received on the projects set forth on the attached statement of account dated March 28, 2017.

(ECF No. 114-2 at 3.) Additionally, according to Teri Davis's deposition testimony, at some point during this period "Mr. Coaty, on more than one occasion, called and threatened Thom with various things, from firing to litigation. And it had to do with some exaggerated idea that he had, meaning Mr. Coaty had, that there were contracts for every job that was done with Builders Insulation." (ECF No. 114-3 at 4:14-20.) Builders fired Thom Davis on July 26, 2017. (ECF No. 80 at 91-92.) Coaty and two Builders employees were present at the termination meeting. (Id.)

    Builders filed the instant lawsuit against SES on September 12, 2017. (ECF No. 1.) Builders raises the following claims: 1) conversion; 2) actual fraud/intentional misrepresentation; 3) negligent misrepresentation; 4) breach of employee's fiduciary duty; 5) tortious interference with business relationships; 6) improper interference with business prospects; 7) breach of employment contract; 8) "funds held in trust"; 9) unjust enrichment; 10) violation of the implied duty of good faith and

- 4 -

fair dealing; and 11) breach of contract.  (See ECF No. 103.) On October 4, 2017, Builders sent SES a preservation letter requesting that SES preserve all evidence potentially relevant to this litigation.  (ECF No. 49-2.)

Builders filed a Motion to Compel Return of Plaintiff's Personal Property or Alternatively, for Sanctions on September 18, 2018.  (ECF No. 49.)  The presiding district judge subsequently referred the motion to the undersigned.  (ECF No. 50.)  Builders contended that SES failed to return Builders' property (two laptops and an iPhone) after Thom Davis's termination.  (ECF No. 49-1.)  According to Builders, SES turned over one of the laptops and indicated that the "company issued iPhone 'has been irreparably damaged.'"  (Id. at 4.)  Builders further asserted that the laptop returned to Builders was missing its original hard drive and contained no SES or Builders related records.  (Id.)  Builders requested spoliation sanctions for the alleged destruction of business records contained on the laptops and iPhone.  (Id. at 6.)  In response, SES asserted that it had returned all of Builders' property.  (ECF No. 51.)  SES further contended that "[i]n the ordinary course of business, all proposals, work orders, bids, labor charges, and any other pertinent information was entered into [Builders'] Citrix system," (id. at 2-3 ¶ 11),  and SES "did not produce or maintain any other records besides those entered into Citrix."

(Id. at 3 ¶ 12.) SES also stated that it had fully complied with the preservation letter. (Id. at 3 ¶ 14.) The court granted Builders' motion in part and denied it in part. (ECF No. 62.) In the order, the court stated:

> To the extent the Motion seeks the return of all Builders' company-related property in Defendants' possession, custody, or control, including, but not limited to two Dell laptop computers and two Apple iPhones, the Motion is GRANTED.
>
> Plaintiff's Motion for Sanctions is DENIED without prejudice, and Builders shall have the option to develop the record further and renew the Motion, if necessary.

(Id. at 1.)

Builders subsequently deposed Thom and Teri Davis. In his deposition, Thom Davis testified:

> So I was dismissed in July of 2017, and I don't think it's so unusual when you are fired, especially when it's unreasonable and with no explanation, that you save anything. I did throw away paperwork. I did throw away the t-shirts and the hats or anything related to Builders Insulation. I had no idea I was getting sued. I didn't do it because I thought I might get sued. That was just the furthest thought from my mind. I'm still shocked about it. So no, I didn't keep anything.

(ECF No. 76-2 at 7, 14:29:23-14:29:53; see also id. at 7, 14:30:44-14:31:00 ("I [(Thom)] will repeat my previous answer in that when I was terminated, I got rid of everything that I came across, whether it was a piece of paper in a file or whether it was a T-shirt that had to do with Builders Insulation. I didn't know that I needed it.")). Teri Davis testified that after

- 6 -

Thom's termination she "remember[ed] [Thom] deleting stuff. [She] remember[ed] him saying I don't want to ever see anything from Builders Insulation again." (ECF No. 76-4 at 7, 13:08:45-13:08:51.) During the depositions, Builders also learned that the Davises had changed email providers during this litigation. (See ECF No. 76-1 at 5) ("The Defendants testified that as of nine months ago, they changed from GoDaddy.com to Blue Host as the registrar of its domain names 'bldrs-insul.com' and 'southernenergy.com.'"). Despite this pending litigation, the Davises did not save any emails before converting to Blue Host and the emails were apparently destroyed when the conversion occurred. (ECF No. 76-2 at 11, 15:55:44-15:56:13.) Thom Davis also testified that he had attempted to retrieve the emails but was unable to do so. (Id.)

In the present motion, Builders argues that it is now entitled to spoliation sanctions. Builders' motion focuses on SES's failure to produce Builders/SES business records and the destroyed emails caused by the conversion of SES's GoDaddy.com accounts. (ECF No. 76-1.) Builders contends that, according to his own testimony, Thom Davis deleted Builders/SES business records upon his termination and should have anticipated this litigation at that time. (Id. at 6.) Builders further asserts that SES has only produced two customer invoices, even though SES worked on at least 105 projects. (Id.) In response, SES

- 7 -

asserts that any Builders or SES business records allegedly destroyed by Thom Davis were destroyed in July 2017, before SES had a duty to preserve evidence. (See ECF No. 87 at 6) ("[T]he electronic files allegedly deleted by Mr. Davis and the paper documents allegedly thrown away by Mr. Davis, a closer reading of the relevant testimony shows that these actions would have occurred in or around July 2017, a full two months *before* the commencement of litigation, and as such the duty to preserve evidence had not yet been triggered."). As for the emails, SES argues that it at most negligently destroyed the emails from its GoDaddy.com accounts, and therefore Builders is not entitled to an adverse inference. (Id. at 5.)

On April 10, 2019, the court conducted a hearing on Builders' motion. (ECF No. 107.) Builders argued that SES's duty to preserve evidence arose in July 2017, when Thom Davis was terminated. Builders asserted, for the first time, that the Davises were put on notice of the potential for litigation by Builders' attorney, Michael Coaty, in or before July 2017. SES argued that the duty arose when this lawsuit was filed in September 2017. At the hearing, SES also stated that it had recovered the emails from GoDaddy.com and produced those emails to Builders. The court continued the hearing for two reasons: 1) to allow the parties to further develop the record as to when the duty to preserve arose, including filing a declaration from

- 8 -

Coaty if appropriate; and 2) to give Builders an opportunity to review the recently produced emails retrieved from the GoDaddy.com accounts.

In the supplement to its motion, Builders asserts that SES should have anticipated this litigation in July 2017 based upon the April 2017 emails Coaty sent Thom Davis and because Coaty was personally involved with Thom Davis's termination meeting. (ECF No. 114 at 3-4.)  Builders also relies on Teri Davis's testimony that "Mr. Coaty, on more than one occasion, called and threatened Thom with various things, from firing to litigation." (ECF No. 114-3 at 4:14-16.)  However, Builders did not file a declaration or any additional documents to support its motion. SES maintains that the duty to preserve did not arise until Builders filed the complaint.  (ECF No. 116 at 3-4.)  In addition to arguments made in its earlier responses, SES points to Thom Davis's testimony to support the argument that SES did not anticipate this litigation when the termination occurred. (See id. at 4) ("We didn't know we were going to get sued. We didn't know we were working with people that are so unethical and vindictive. So we don't have any documentation. We didn't think that we needed it." (quoting Thom Davis's Deposition)). As for the emails, Builders asserts that "[a]lthough the Defendants claimed to have produced emails on the morning of the recent hearing, the sparse production at the last minute was

- 9 -

useless." (ECF No. 114 at 2.) Builders contends that the lack of emails available from the GoDaddy.com accounts demonstrates that SES must have destroyed some relevant emails. According to Builders:

> Perhaps the best example is the "Sent" folder which only contains eleven emails, and all of which are simply emails from December 2017 that the Defendants forwarded from the sales@bldrsinsul.com email address to thom@southernenergy.org. It is inconceivable that these emails are the reflection of an operating business. There are no bid proposals or invoices to SES customers attached to emails. The company records are still missing, despite express instructions to preserve such relevant evidence. . . . The lack of any externally-sent emails for seven different email addresses during a twenty-two month period is prima facie proof of the Defendants' destruction or loss of relevant evidence. There simply is no other explanation.

(Id. at 7.)

## II.   PROPOSED CONCLUSIONS OF LAW

Federal law applies to this dispute relating to spoliation of evidence and sanctions for spoliation. See Parrish v. Dollar Gen. Corp., 680 F. App'x 423, 425 (6th Cir. 2017); Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009) (en banc). "When a party destroys evidence in anticipation of litigation, the trial court may impose sanctions for spoliation." Applebaum v. Target Corp., 831 F.3d 740, 744 (6th Cir. 2016). A party seeking an adverse inference for an opposing parties' spoliation of tangible evidence must establish:

>    (1) that the party having control over the evidence
>    had an obligation to preserve it at the time it was
>    destroyed; (2) that the records were destroyed "with a
>    culpable state of mind"; and (3) that the destroyed
>    evidence was "relevant" to the party's claim or
>    defense such that a reasonable trier of fact could
>    find that it would support that claim or defense.

Beaven v. U.S. Dep't of Justice, 622 F.3d 540, 553 (6th Cir. 2010) (internal citation omitted). "A different standard for imposing sanctions, set by Rule 37(e), applies when the lost information is in electronic form." EPAC Tech., Inc. v. HarperCollins Christian Publ'g, Inc., No. 3:12-CV-00463, 2018 WL 1542040, at *11 (M.D. Tenn. Mar. 29, 2018), aff'd in part, and modified in part, 2018 WL 3322305 (M.D. Tenn. May 14, 2018); see also Lee v. Horton, No. 17-cv-2766, 2018 WL 4945242, at *2 (W.D. Tenn. Sept. 4, 2018), adopted by, 2018 WL 4600303 (W.D. Tenn. Sept. 25, 2018) ("Federal Rule of Civil Procedure 37(e) addresses the failure to preserve electronically stored information ("ESI") and potential sanctions for spoliation."); Fed. R. Civ. P. 37 Advisory Committee Notes to 2015 Amendments ("The new [Rule 37(e)] applies only to electronically stored information[.]"). Rule 37(e) provides:

>    If electronically stored information that should have
>    been preserved in the anticipation or conduct of
>    litigation is lost because a party failed to take
>    reasonable steps to preserve it, and it cannot be
>    restored or replaced through additional discovery, the
>    court:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Thus, regardless of whether the spoliated evidence is tangible or ESI, a court must initially determine whether the party destroyed evidence after litigation became foreseeable. See DriveTime Car Sales Co. v. Pettigrew, No. 2:17-cv-371, 2019 WL 1746730, at *3 (S.D. Ohio Apr. 18, 2019) ("In particular, Beavin's requirement that there be an obligation to preserve at the time of destruction, and that the destroyed evidence must have been relevant to the claims or defenses of the party seeking sanctions, are left intact by amended Rule 37(e)."). The determination as to when the duty to preserve arises must be made on a case-by-case basis. See Jason A. Pill, Derek E. Larsen-Chaney, Litigating Litigation Holds: A Survey of Common Law Preservation Duty Triggers, 17 J. Tech. L. & Pol'y 193, 206 (2012); see also Nacco Materials Handling Grp. v. Lilly Co., 278 F.R.D. 395, 402 (W.D. Tenn. 2011) ("The trigger date is the date

a party is put on notice that it has a duty to preserve evidence." (quoting Clark Constr. Grp. v. City of Memphis, 229 F.R.D. 131, 136 (W.D. Tenn. 2005))).

**A.  Builders/SES Business Records**

At the outset, it is unclear which business records Builders claims SES destroyed in anticipation of this litigation.  In its Renewed Motion for Sanctions, Builders focuses on 105 invoices that SES apparently issued to customers. SES has produced 2 of those invoices; however, it has been unable to produce the other 103.  (ECF No. 76-1 at 6.)  In the supplement to its motion, Builders significantly expands the scope of the allegedly destroyed evidence to include:

> 1) Builders Insulation's business records for the Memphis branch during Thom Davis's employment from September 2015 through July 2017; 2) business records of Thom and Teri Davis's company, Southern Energy Solutions ("SES"), including project files, bid proposals, invoices, financial records, and bank records, during the time period of 2015 to present[.]

(ECF No. 114 at 1-2.)  SES maintains that it does not currently possess any Builders/SES business records.[1]   (ECF No. 87 at 3)

---

[1] Pursuant to the court's May 1 order (ECF No. 118), SES apparently produced 897 documents on May 15, 2019 (ECF No. 122 at 3 ¶¶ 12-14).  According to Builders, "these documents include business records of Builders Insulation from the relevant time period which were maintained outside of Builders Insulation's database system[.]"  (Id. at 3 ¶ 15.)  It appears that SES's recent production might contradict the assertions SES made in response to Builders' motion for spoliation sanctions. However, the court finds that this recent production does not affect the court's analysis of the motion for spoliation sanctions.

("Plaintiff alleges that Mr. Davis created bid proposals on his own computer which he either destroyed or otherwise failed to preserve. However, once such a bid was accepted by a customer, it would be superseded by a work order generated on the CITRIX system. Similarly, Plaintiff alleges that Mr. Davis generated certain paper files, handwritten documents, and the like maintained at the Defendants' home, which were allegedly lost or destroyed. Again, once a contract came into being between the Plaintiff and Southern Energy on a particular job, the documents generated by the CITRIX system would supersede anything maintained at the Defendants' home."). SES further contends that all other Builders/SES records were destroyed before the duty to preserve arose. (ECF No. 116 at 1–2.)

As the moving party, Builders must first establish when SES's duty to preserve evidence arose. If SES was under no duty to preserve the evidence at the time it was spoliated, spoliation sanctions are not warranted.[2] In his deposition, Thom Davis testified that when he was terminated in July 2017, he "got rid of everything that [he] came across, whether it was a

---

Instead, the court will address the recent document production and the other issues raised in Builders' Notice of Noncompliance with Court Order (ECF No. 123) in a separate order.

[2] In the supplement to its motion, Builders argues that Thom Davis, as a Builders employee, was under a continuing duty to preserve documents that related to his employment. However, whatever duty Davis may have owed to Builders as its employee has no relevance to whether spoliation sanctions are warranted.

piece of paper in a file or whether it was a T-shirt that had to do with Builders Insulation." (ECF No. 76-2 at 7.) Teri Davis confirmed that after Thom was terminated she "remember[ed] him deleting stuff. [She] remember[ed] him saying I don't want to ever see anything from Builders Insulation against." (ECF No. 76-4 at 7, 13:08:45-13:08:51.)

In support of its argument that the duty arose in July 2017, Builders points to three pieces of evidence: 1) the letters Coaty sent to SES; 2) the fact that Coaty was present when Thom Davis was terminated; and 3) Teri Davis's testimony that Coaty, "on more than one occasion, called and threatened Thom with various things, from firing to litigation." (ECF No. 114-3 at 4:14-16.) In his letters, Coaty introduced himself to Thom Davis and requested information from Davis regarding certain Builders projects. There was no indication in either letter that Builders intended to sue SES or the Davises. In addition, the fact that Coaty was present at Thom Davis's termination meeting does not support Builders' argument that Davis was on notice of a potential lawsuit. Finally, Teri Davis's deposition testimony lacks specificity as to the circumstances surrounding Coaty's threat of litigation. This vague testimony alone does not establish that SES was under a duty to preserve relevant evidence when Thom Davis was terminated. Based upon the present record, the court concludes

- 15 -

that the duty to preserve did not arise in July 2017. Because the business records were apparently destroyed immediately following Thom Davis's termination meeting, and before Builders filed its lawsuit in September 2017, Builders is not entitled to spoliation sanctions.

**B.   The Emails from the GoDaddy.com Accounts**

The next issue is whether Builders is entitled to sanctions for SES's loss of emails, which occurred when SES converted its GoDaddy.com email accounts. This conversion occurred at some point after Builders filed the present lawsuit; therefore, SES was under the duty to preserve evidence when the emails affiliated with the GoDaddy.com accounts were lost. However, Rule 37(e) instructs the court to consider whether spoliated ESI can "be restored or replaced through additional discovery[.]" According to SES, it contacted GoDaddy.com and has recovered the emails from SES's email addresses. Although Builders now argues that this production is insufficient, it has not provided sufficient evidence to show that SES's email addresses contained more emails than what has been produced.

Builders' argument fails for yet another reason. Where, as here, a party is seeking an adverse inference as a spoliation sanction, the movant must show that the opposing party acted with "the intent to deprive another party of the information's use in the litigation[.]" Fed. R. Civ. P. 37(e). "A showing of

negligence or even gross negligence will not do the trick." Applebaum, 831 F.3d at 745.  The evidence here establishes that, at most, SES negligently converted its GoDaddy.com email accounts, which potentially caused the loss of the emails. Thus, even if Builders could have pointed to sufficient evidence showing that SES failed to recover all of the GoDaddy.com emails, no adverse inference would be warranted.  Accordingly, the court concludes that an adverse inference is not appropriate for SES's alleged destruction of the emails from the GoDaddy.com accounts.[3]

### III.  RECOMMENDATION

For the reasons above, it is recommended that Builders' motion be denied.[4]

---

[3]The court notes that this case is scheduled as a bench trial before the presiding district judge.  Courts disagree as to whether an adverse inference is even appropriate in a bench trial setting.  Compare Lexington Ins. Co. v. Tubbs, No. 06-2847, 2009 WL 1586862, at *5 (W.D. Tenn. June 3, 2009); with Developers Diversified of Tenn., Inc. v. Tokyo Marine & Fire Ins. Co., No. 3:04-0015, 2015 WL 6696330, at *5 n.1 (M.D. Tenn. Nov. 13, 2015).

[4]In its motion, Builders also focuses on several allegedly inconsistent representations that SES has made during this litigation. For example, Builders asserts that "Thom Davis [] took the position that he 'fully complied with the preservation letter sent by opposing counsel at the outset of this Lawsuit.' . . . This is completely disingenuous in light of his recent deposition where he testified that the preservation notice was 'not familiar to [him].'"  (ECF No. 76-1 at 4.)  The court has taken into account these allegedly misleading representations but finds that they are not directly pertinent to the issue of spoliation.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 22, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**