IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BUILDERS INSULATION OF TENNESSEE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:17-cv-02668-TLP-tmp |
| v. | ) ) | |
| SOUTHERN ENERGY SOLUTIONS, THOMAS WALKER DAVIS, and TERI LEIGH DAVIS, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING THE REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S RENEWED MOTION FOR SANCTIONS**

The Magistrate Judge issued a Report and Recommendation ("R&R") addressing Plaintiff's renewed Motion for Sanctions. (ECF No. 126.) The R&R recommends denial of Plaintiff's motion. (*Id.*) Plaintiff timely objected to the R&R, (ECF Nos. 138–39), and Defendants responded, (ECF No. 165). For the reasons below, the Court, having considered the R&R and the positions of the parties, OVERRULES Plaintiff's objections and ADOPTS the R&R. The Court therefore DENIES Plaintiff's renewed Motion for Sanctions.

**STANDARD OF REVIEW**

A magistrate judge may submit to a district judge recommendations for determining certain pretrial matters. 28 U.S.C. § 636(b)(1)(A). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to

the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When reviewing a R&R from the Magistrate Court,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3). After conducting a de novo review, a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

The Court reviews any portions of an R&R over which no party makes specific objections for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee notes; *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard*, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." *See Howard*, 932 F.2d at 508 (citing *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)).

## FINDINGS OF FACT

The Court will first address the Magistrate Judge's proposed factual findings. Plaintiff makes only one factual objection to the R&R. It argues that the Magistrate Judge "erred in relying upon factual testimony that '[Defendants] did not produce or maintain any other records besides those entered into Citrix.'" (ECF No. 138 at PageID 2293.) In support, Plaintiff contends that Southern Energy Solutions ("Defendant SES") would not have entered its records

2

into Citrix, a program maintained by Plaintiff, because Southern Energy Solutions is Thom Davis's own, unrelated company. (*Id.*) Plaintiff also notes that the Davises directly contradicted this statement in their deposition testimony, admitting that they created many documents outside the Citrix portal on personal computers. (*Id.* at PageID 2293–94.) The Court has fully considered Plaintiffs objection to the Magistrate Judge's findings of fact and will consider this objection in its analysis of this R&R.

There are no other factual objections to the R&R. With that in mind, the Court adopts the Magistrate Judge's proposed findings of fact. (*See* ECF No. 126 at PageID 2210–18.)

## **DISCUSSION**

Plaintiff objects to the following:

1. The R&R's conclusion that Defendants' duty to preserve relevant evidence did not arise in July 2017;
2. The R&R's finding that Defendants' production of 897 pages of documents on May 15, 2019, which was two weeks after the Court's hearing on the sanctions motion, "does not affect the court's analysis" of the motion for sanctions despite directly contradicting the testimony and proof offered by Defendants and the Court relied on at the sanction hearing that "[Defendant SES] maintains that it does not currently possess any [Builders Insulation/Southern Energy Solutions] records";
3. The R&R's finding that Thom Davis' duty to preserve documents, as the branch manager, owed to [Plaintiff] has no relevance whether spoliation sanctions are warranted;
4. The R&R's conclusion that Defendants "at most negligently" destroyed relevant emails from its GoDaddy.com accounts;
5. The R&R's conclusion that [Plaintiff] is not entitled to an adverse inference; and
6. The R&R's recommendation that [Plaintiff's] Renewed Motion for Sanctions be denied.

(ECF No. 138 at PageID 2291–92.) The Court will take each argument in turn.

## **I.   The Duty to Preserve Relevant Evidence**

In the R&R, the Magistrate Judge found that the duty to preserve evidence arose in September 2017 when Plaintiff filed its lawsuit against Defendants. (ECF No. 126 at PageID

2223–24.)  Plaintiff objects to this finding, arguing that the duty to preserve relevant evidence arose at the time of Thom Davis's firing in July 2017 based on Defendants' "interaction with [Plaintiff's attorney] as early as April 2017" and based on "the hostile nature of the relationship between Thom Davis [relating] to his lack of record keeping . . . ."  (ECF No. 138 at PageID 2292.)  This raises a potential choice of law issue.

The Court should determine whether to apply federal law or state law to this question.  The law is clear—federal courts apply federal law in determining whether spoliation sanctions are appropriate.  *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010).  A district court may sanction a litigant for spoliation of evidence if it finds three conditions: (1) the party with control over the evidence must have a duty to preserve the evidence when it destroyed the evidence; (2) the accused must have destroyed the evidence with a culpable state of mind; and (3) the destroyed evidence must have been relevant to the other side's claim or defense.  *Byrd v. Alpha Alliance Ins. Corp.*, 518 F. App'x 380, 383–84 (6th Cir. 2013).

The obligation to preserve relevant evidence arises when a party should have known that the evidence may be relevant to future litigation.  *Byrd*, 518 F. App'x at 384.  This is an objective standard.  Plaintiff argues that Defendants' duty to preserve evidence began in July 2017, when Thom Davis was terminated.  (ECF No. 76-1 at PageID 275.)  In its supplement to the renewed Motion for Sanctions, Plaintiff argued that three pieces of evidence support that the duty arose in July 2017: (1) letters sent by Michael Coaty, an attorney for Plaintiff, requesting certain documents; (2) Coaty's presence at Thom Davis's termination; and (3) Teri Davis's testimony that Coaty, "on more than one occasion, called and threatened Thom with various things, from firing to litigation."  (ECF No. 114 at PageID 2131–33.)

In the R&R, the Magistrate Judge found that Mr. Coaty's involvement was not enough to put Defendants on notice of potential litigation. (ECF No. 126 at PageID 2223.) The Magistrate Judge reviewed the evidence and found (1) Coaty's emails contained no indication of an intention to sue; (2) Coaty's presence at Thom Davis's termination does not support the argument that Defendants were on notice of a potential suit; and (3) Teri Davis's testimony lacks specificity about the circumstances surrounding Coaty's threat of litigation. (ECF No. 126 at PageID 2223.) This Court agrees with those conclusions.

If there was no notice of pending litigation when the party destroys the evidence, "'the destruction of evidence does not point to consciousness of a weak case' and intentional destruction." *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553–54 (6th Cir. 2010) (quoting *Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 797 (6th Cir. 2006)). Here, there was not enough evidence that Defendants *should have known* that they needed to preserve the material for future litigation when Plaintiff fired Thom Davis, in July 2017. So Plaintiff's argument that the duty to preserve the evidence arose in July 2017 is not persuasive.

What is more, although Teri Davis testified that Coaty threatened possible litigation in phone calls to the Davises during Thom Davis's employment, this vague testimony alone does not establish a duty to preserve. For one, there is nothing in the testimony about how many times, or at what point Coaty called and threatened litigation to Thom Davis. The only evidence Plaintiff points to is one statement from Teri Davis about the phone calls—"I know that Mr. Coaty, on more than one occasion, called and threatened Thom with various things, from firing to litigation." (ECF No. 114-3 at PageID 2154.) There is no other mention in the record of these purported threats or the contents of the calls. Nor is there any declaration or testimony of Coaty about the circumstances of his threats of litigation. The mere mention of litigation or termination

5

in seeking to get business records from an employee, in such unclear circumstances, was not enough here to raise the duty to preserve at the time of Thom Davis's termination. Having found that no duty to preserve evidence arose at the time of Thom Davis's termination, the Court need not analyze whether Defendants met the state of mind or relevancy requirements as in *Byrd*, 518 F. App'x at 384–85.

Upon de novo review of the record, the Court finds the duty to preserve relevant evidence did not arise until September 12, 2017, the date Plaintiff sued Defendants. The Court finds therefore that Defendants' destroying evidence before September 12, 2017 is not spoliation.

### A. Builders Insulation Business Records

Having found that the duty to preserve relevant evidence did not arise until September 12, 2017, this Court also holds that any Builders Insulation business records destroyed when Plaintiff fired Thom Davis but before September 12, 2017 does not constitute spoliation. Plaintiff does object to the Magistrate Judge's findings on Builders Insulation business records on another ground: Plaintiff argues that Thom Davis had another duty not to destroy Builders Insulation's records, as an employee of the company, both during and after employment. (ECF No. 114 at PageID 2130; ECF No. 138 at PageID 2294.) The Magistrate Judge found, however, "whatever duty [Thom] Davis may have owed to Builders [Insulation] as its employee has no relevance to whether spoliation sanctions are warranted." (ECF No. 126 at PageID 2223.)

Upon de novo review of the R&R, this Court concurs with the Magistrate Judge. The alleged breach of a fiduciary duty to one's employer may itself constitute a cause of action but has no relevance to this Court's spoliation analysis. The Sixth Circuit has made clear that the relevant analysis for spoliation sanctions is (1) whether the party had control over the evidence and that party had a duty to preserve the evidence when it destroyed the evidence; (2) whether

the accused destroyed the evidence with a culpable state of mind; and (3) whether the destroyed evidence was relevant to the other side's claim or defense. *Byrd*, 518 F. App'x 383–84. This Court can find no case law, and Plaintiff points to none in support of its proposition that an independent fiduciary duty to one's employer has any bearing on a spoliation analysis. Sanctions therefore are not appropriate based on destroying Builders Insulation records during July 2017.

B. **Southern Energy Solutions' Business Records**

Having found that the duty to preserve relevant evidence did not arise until September 12, 2017, this Court also holds that any Southern Energy Solutions business records destroyed when Plaintiff fired Thom Davis, but before September 12, 2017, does not constitute spoliation. Sanctions therefore are not appropriate based on destroying Southern Energy Solutions records during July 2017.

II. **Emails from the GoDaddy.com Email Accounts**

Defendants decided to convert the GoDaddy.com email accounts in May 2018, after the lawsuit was filed. (ECF No. 76-4 at PageID 312.) So Defendants were under a duty to preserve evidence when they lost the emails. Federal Rule of Civil Procedure 37(e) authorizes the court to presume that lost electronically stored information ("ESI") was unfavorable to the party who failed to preserve it, if: (1) the party should have preserved the ESI in anticipation of litigation; (2) the party failed to take reasonable steps to preserve this information and it cannot restore or replace that information; (3) there is prejudice to the other party; and (4) the party acted with intent to deprive another party of the information's use in litigation. The R&R found although Defendants had a duty to preserve lost emails, Defendants recovered all emails from Defendant SES's GoDaddy.com email addresses from GoDaddy.com and produced to Plaintiff. (ECF No.

7

126 at PageID 2224.) The R&R also concluded that, at most, Defendants acted negligently in losing evidence when converting its GoDaddy.com email accounts. (*Id.* at PageID 2225.) As a result, the Magistrate Judge determined that sanctions are not warranted under Federal Rule of Civil Procedure 37(e). (*Id.*)

Plaintiff contends that there are still missing emails and that the emails recovered from the GoDaddy.com account and turned over were sparse and largely irrelevant, thus, the R&R erred in finding that Defendants restored or replaced that information. (ECF No. 138 at PageID 2295.) And Plaintiff argues that the R&R erred in finding Defendants' actions negligent in destroying relevant emails because the action of switching email providers is a proactive and planned decision. (*Id.* at 2295–96.)

Upon de novo review of the record as it stands, this Court concurs with the Magistrate Judge. The Magistrate Judge found that Defendants contacted GoDaddy.com, retrieved the relevant emails from their GoDaddy.com hosted email addresses, and turned them over to Plaintiff. (ECF No. 126 at PageID 2224.) Although Plaintiff now claims that the email production was incomplete, the Magistrate Judge noted that Plaintiff failed to provide "sufficient evidence to show that SES' email addresses contain more emails than what has been produced." (*Id.*) This Court finds no reason to disturb this finding upon review. Plaintiff has introduced no evidence to show that more emails exist. Plaintiff argues that they cannot do so, because they are not privy to other records and communications. (ECF No. 138 at PageID 2295.) Even so, Plaintiff has not even articulated to the Court why it believes the turned over documents are insufficient, other than that the documents did not produce what Plaintiff thought they would.

Moreover, even if Defendants forever lost the GoDaddy.com emails, Builders' argument fails on other grounds. Although Plaintiff is correct in its assertion that switching email accounts

8

is a deliberate act, the evidence here suggests that Defendants did not understand the effect switching accounts would have on the emails in the GoDaddy.com accounts. Teri Davis testified in her deposition:

> [When switching from GoDaddy to Bluehost] we weren't expecting not to be able to use Outlook when we changed hosting providers. But apparently, Bluehost doesn't – I don't know if – I really – I'm no computer expert. I don't understand. But for some reason, when we changed from GoDaddy to Bluehost, we thought we were just moving everything over, including Outlook. It didn't work out that way.

(ECF No. 76-4 at PageID 315.) Thom Davis also testified when they switched hosting services, he tried to convert and then to retrieve the emails but was unable to do so. (ECF No. 76-2 at PageID 290.) It appears to this Court, therefore, that although the act itself of switching email providers was deliberate, Plaintiffs were at most negligent in failing to preserve the emails associated with the GoDaddy.com accounts.[1] As for the failure to preserve ESI, Federal Rule of Civil Procedure 37(e) requires proof of intent to deprive the other party of the information's use, and "[a] showing of negligence or even gross negligence will not do the trick" for a party seeking an adverse inference instruction. *Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016) (citing Fed. R. Civ. P. 37, 2015 Advisory Comm. Note).

Finally, Plaintiff objects to the Magistrate Judge's finding that the production of 897 pages of documents two weeks after the Court's hearing on the motion for sanctions does not affect the court's analysis of the motion "despite directly contradicting the testimony and proof offered by the Defendants and relied on by the Court at the sanction hearing that '[Defendant

---

[1] Plaintiffs insist that Defendants are getting away with destroying relevant emails here and that this Court should sanction them. Although Defendants may have done what Plaintiff accuses them of, at this point Plaintiffs have not produced enough evidence from which this Court can draw that conclusion. If that evidence comes to light later, this Court will address it.

SES] maintains that it does not currently possess any Builders/SES records.'" (ECF No. 138 at PageID 2292–92.) The Magistrate Judge noted:

> Pursuant to the court's May 1 order (ECF No. 118), SES apparently produced 897 documents on May 15, 2019 (ECF No. 122 at 3 ¶¶ 12–14.) According to Builders, "these documents include business records of Builders Insulation from the relevant time period which were maintained outside of Builders Insulation's database system[.]" (Id. at 3 ¶ 15.) It appears that SES's recent production might contradict the assertions SES made in response to Builders' motion for spoliation sanctions. However, the court finds that this recent production does not affect the court's analysis of the motion for spoliation sanctions.

(ECF No. 126 at PageID 2221.) Upon de novo review of the record, the Court concurs with the Magistrate Judge. Although Defendant SES has now contradicted its earlier position that there were no other documents to produce, Federal Rule of Civil Procedure 37(e) does not ask whether contradictions occurred in proof or testimony. Instead, Rule 37(e) provides that the movant must show four elements to impose an adverse inference or sanctions for the spoliation of ESI: (1) the party should have preserved the ESI in anticipation of litigation; (2) the party failed to take reasonable steps to preserve this information and it *cannot restore or replace the information*; (3) there is prejudice to the other party; and (4) the party acted with intent to deprive another party of the information's use in litigation. Fed. R. Civ. P. 37(e) (emphasis added). Here, as explained more fully above, Defendants restored the allegedly spoliated ESI and turned it over to Plaintiff, though late and after assurances that there was no remaining information. The production of such documents does not affect the Court's analysis of spoliation sanctions. For that reason, neither an adverse inference nor sanctions are warranted here for destroying emails associated with the GoDaddy.com email addresses.

## CONCLUSION

After conducting a thorough review of the R&R, and after considering Plaintiff's objections, the Court **OVERRULES** Plaintiff's objections to the R&R, **ADOPTS** the R&R and **DENIES** Plaintiff's renewed Motion for Sanctions.

**SO ORDERED**, this 12th day of September, 2019.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE