# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BUILDERS INSULATION OF TENNESSEE, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:17-cv-02668-TLP-tmp<br>)<br>) |
| SOUTHERN ENERGY SOLUTIONS, THOMAS WALKER DAVIS, and TERI LEIGH DAVIS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Builders Insulation of Tennessee, LLC moves for Partial Summary Judgment as to its breach of contract claim. (ECF No. 162.) Defendants, Southern Energy Solutions, Thom Davis, and Teri Davis,[1] timely responded in opposition. (ECF No. 168.) For the reasons below, the Court **DENIES** the motion.

## **BACKGROUND**

Unless otherwise stated, the Court considers these facts undisputed by the parties for this Motion. Thom acted as the manager of Plaintiff's Memphis branch from September 2015 through July 2017. (ECF Nos. 163 at PageID 2449; 77-1 at PageID 322.) Plaintiff hired Thom as an at-will employee. (ECF Nos. 163 at PageID 2449; 103 at PageID 1507; 168-2.)

---

[1] This Court will refer to these parties together as "Defendants" but, because the Davises share their last name, if referenced individually, the Court will use their first names.

The Davises are the only two general partners of Southern Energy Solutions ("SES"), a Tennessee general partnership that provides energy efficiency consulting and certification services. (ECF Nos. 163 at PageID 2500; 112 at PageID 1600–01; 113 at PageID 1864 & 1871.) Through their business relationship, Plaintiff and SES contracted for Plaintiff to perform insulation work on jobs with SES. (ECF Nos. 163 at PageID 2500; 168-1 at PageID 2552; 113 at PageID 1982–84.)

Plaintiff maintains business records such as proposals, projects, scheduling, and invoicing on a Microsoft Access database hosted on CITRIX. (ECF Nos. 163 at PageID 2500; 168-1 at PageID 2552; 77-1 at PageID 324; 79 at PageID 575.) Thom had non-exclusive access to CITRIX. (ECF Nos. 163 at PageID 2500; 168-1 at PageID 2552; 77-1 at PageID 324; 79 at PageID 571.)

Plaintiff alleges that, as branch manager, Thom oversaw sales, scheduling, billing, and invoicing. (ECF Nos. 163 at PageID 2499; 80 at PageID 723; 79 at PageID 567.) Defendants dispute this, however, claiming that Thom was not involved in, or even notified about, billing and invoicing. (ECF Nos. 168-1 at PageID 2551; 79 at PageID 596 & 620.) Defendants also allege that another employee could override the system to issue invoices. (ECF Nos. 168-1 at PageID 2551; 79 at PageID 577–78, 602.)

And Plaintiff contends that, for each project during his time as manager, Thom created a proposal to perform work, submitted it to the customer, and each proposal lists that it was "authorized by: Thom Davis." (ECF Nos. 163 at PageID 2500–01; 113 at PageID 1855–57, 1962, 1980; 162-4.) Defendants contest this, claiming that he did not prepare the proposals at issue. (ECF Nos. 168-1 at PageID 2553; 113 at PageID 1960.) And while the proposals list that Thom authorized them, Defendants argue they were created around sixth months after his

2

termination, meaning that Thom could not have created them. (ECF Nos. 168-1 at PageID 2553.) Plaintiff argues that Defendants are clouding the issue here by contesting the date. It points out that there is a simple explanation for the dates on the proposals—Plaintiff printed the documents in January 2018 to deliver to Defendants as part of discovery. (ECF No. 173, PageID 2569-2571.)

After the customer accepted the job proposal, Thom converted them into work orders. (ECF Nos. 163 at PageID 2501; 79 at PageID 593.) And according to Plaintiff, after completion of the project, Thom would close the job in CITRIX and an invoice would automatically generate to the customer. (ECF Nos. 163 at PageID 2501; 79 at PageID 597–98, 600.) Defendants, on the other hand, claim that CITRIX automatically generated invoices to the customer without further action by the branch manager, unless someone manually forced an invoice. (ECF Nos. 168-1 at PageID 2553–54; 79 at PageID 602.)

Plaintiff alleges that there were at least 105 jobs during Thom's tenure at Builders Insulation with Southern Energy Solutions listed as a customer, but 24 jobs remain outstanding. (ECF Nos. 163 at PageID 2501; 162-2.) According to Plaintiff, the unpaid jobs represent an outstanding balance of $90,414.00. (ECF Nos. 163 at PageID 2501; 162-3.) But Defendants dispute this. They again contend Thom could not have accepted those work orders because the date for the jobs at issue was January 2018, six months after Thom's termination. (ECF Nos. 168-1 at PageID 2254; 168-2.) In its Reply, Plaintiff again says this contest is a diversion because it produced these documents in discovery in January 2018. (ECF No. 173, PageID 2569-2571.)

Defendants also deny that SES accepted any or that Builders Insulation performed any work on these allegedly unpaid work orders. (ECF Nos. 168-1 at PageID 2254; 168-2.) And

3

Defendants deny that CITRIX generated the 24 invoices in question as the result of Thom closing out a job. (ECF Nos. 168-1 at PageID 2554; 168-2.)

According to Defendants, Plaintiff should have job completion reports signed by installers who completed work orders and payroll records showing payments made to installers from work done on particular jobs. (ECF No. 168-1 at PageID 2555; 80 at PageID 825, 840–43.) Defendant claims Plaintiff has produced no *documents or evidence* showing that the work was, in fact, completed by its employees. (ECF No. 168-1 at PageID 2555; 162-4.) But Plaintiff argues that it produced labor reports showing its installers completed the work. (ECF No. 174 at PageID 2584; 162-4.)

## **STANDARD OF REVIEW**

The Court begins its analysis of this motion by consulting Federal Rule of Civil Procedure 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp v. Catrett,* 477 U.S. 317, 323 (1986)). "Mere conclusory and unsupported allegations, rooted in speculation, do not meet [the] burden." *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact."

4

*Mosholder*, 679 F.3d at 448–49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In response, the non-moving party "may not rest upon its mere allegations." *Great West Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955, 960 (S.D. Ohio 2009). The non-moving party "must produce evidence that results in a conflict of material fact to be resolved by a jury[,]" and the Court "must afford all reasonable inferences, and construe the evidence, in the light most favorable to the non-moving party." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). "The non-moving party must present 'significant probative evidence' to show that there is more than 'some metaphysical doubt as to the material facts.'" *Id.* (quoting *Moore v. Philip Morris Co.*, 8 F.3d 335, 339–40 (6th Cir. 1993)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323).

## **DISCUSSION**

As detailed above, *see supra* pp. 1–4, this is a contentious case in which the parties disagree on almost every fact alleged. And that is precisely why summary judgment is improper. At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Plaintiff must show there is no dispute of material fact and that it is entitled to summary judgment as a matter of law on its claim for breach of contract. Fed. R. Civ. P. 56(a). But Plaintiff has not done that here.

To establish a claim for breach of contract in Tennessee, a plaintiff must show (1) the existence of an enforceable contract, (2) nonperformance breaching that contract, and (3) damages caused by the breach. *C&W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (citing *ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)). Here, there are too many disputes of material fact, which the Court may not resolve in summary judgment.

For example, Plaintiff claims that, as branch manager, Thom created invoices and proposals that constitute binding contracts in which SES agreed to pay Builders Insulation for labor and materials it provided. (ECF No. 162-1 at PageID 2362–63; 79 at PageID 593; 113 at PageID 1855–57.) And Plaintiff argues that Defendant has failed to pay 24 of the invoices, with an outstanding principal balance of $90,414.00. (ECF Nos. 162-1 at PageID 2362; 163 at PageID 2501.) But Defendants contest the validity and enforceability of these proposals and invoices altogether. Defendants point out that the 24 unpaid invoices are all dated January 2018, around six months after Thom's termination as branch manager. (ECF Nos. 168 at PageID 2545; 168-1 at PageID 2554; 168-2.) And Defendants claim that, because Defendant SES did not sign the invoices, the purported contract could not be binding. (ECF No. 168 at PageID 2546.)

To be sure, Plaintiff argues Defendants' positions on these points are groundless. Perhaps the proof at trial will show just that. But this motion requires the Court to construe the evidence in a light favorable to Defendants. And this Court finds that these are material issues of fact.

There is also a dispute of material fact as to who submits work orders and proposals on which invoices are based. Plaintiff claims that Thom, as branch manager, was responsible for invoicing. (ECF Nos. 163 at PageID2499; 80 at PageID 723; 79 at PageID 567.) But

6

Defendants submitted proof that Thom did not submit proposals from builders to SES. (ECF Nos. 168 at PageID 2545; 101-4 at PageID 1481–82.) In fact, Defendants argue Thom was neither involved in nor notified about billing and invoicing. (ECF Nos. 168-1 at PageID 2551; 79 at PageID 596 & 620.) Defendants also submitted proof that Thom did not have exclusive access to invoicing and that other individuals could create invoices. (ECF Nos. 163 at PageID 2500; 168-1 at PageID 2551–54; 77-1 at PageID 324; 79 at PageID 571, 577–78, 602.)

Finally, the parties dispute the performance of work justifying the invoiced amounts totaling $90,414. Defendants contend that none of the disputed work orders are marked as completed, and that no evidence suggests that anyone completed the work on those alleged jobs. (ECF Nos. 168 at PageID 2546; 168-1 at PageID 2254; 168-2.) But Plaintiffs contend that the labor reports show that the work was completed. (ECF Nos. 173 at PageID 2572; 162-2.)

Viewing all the evidence in a light most favorable to Defendants here, the Court cannot grant Plaintiff's motion for partial summary judgment. If Defendants are correct in their assertions, Plaintiff could not prevail in this contract dispute between Builders Insulation and SES. As a result, the remaining disputes of fact are material and summary judgment is improper.

## CONCLUSION

All in all, there are too many disputes in material facts at this point in the proceedings for the Court to grant summary judgment in Plaintiff's favor. So the Court **DENIES** Plaintiff's motion for partial summary judgment.

**SO ORDERED**, this 10th day of December, 2019.

       s/Thomas L. Parker  
       THOMAS L. PARKER  
       UNITED STATES DISTRICT JUDGE