IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| BUILDERS INSULATION OF TENNESSEE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 17-cv-2668-TLP-tmp ) |
| SOUTHERN ENERGY SOLUTIONS, A Tennessee General Partnership; THOMAS WALKER DAVIS, a/k/a Thom Davis; and TERI LEIGH DAVIS, a/k/a Teri Davis, | ) ) ) ) ) ) |
| Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is an amended declaration in support of attorneys' fees submitted by counsel for plaintiff Builders Insulation of Tennessee, LLC ("Builders") on March 3, 2020. (ECF No. 199.) This declaration follows an order imposing Rule 37 sanctions on defendants Southern Energy Solutions, Thomas Davis, and Teri Davis (collectively "SES"). (ECF No. 184.) SES filed a response on March 10, 2020. (ECF No. 201.) Builders replied on March 17, 2020. (ECF No. 202.) Based on the following, it is recommended that Builders be awarded $19,424.50 in attorneys' fees from the Davises.

**I.   PROPOSED FINDINGS OF FACT**

On January 17, 2020, the undersigned entered an order granting in part and denying in part a motion for sanctions filed by Builders on November 8, 2019. (ECF Nos. 176; 184.) The order imposed sanctions on SES under Fed. R. Civ. P. 37(b)(2)(C) for failure to comply with the court's May 1, 2019 order. (ECF No. 184 at 24.) Specifically, the court granted Builders' request for attorneys' fees for counsel preparing the Motion for Sanctions (ECF No. 176), the Notice of Noncompliance (ECF No. 161), as well as the cost and fees associated with their preparation and appearance at the October 24, 2019 hearing. (ECF No. 184 at 24-25.)

On February 12, 2020, Builders' counsel filed an affidavit regarding their attorneys' fees, which equaled $17,151.00. (ECF No. 192.) SES filed a response on February 17, 2020, objecting to the total provided by Builders' counsel. (ECF No. 195.) SES pointed out that Builders' counsel did not submit itemized bills corresponding to the total hours and fees they provided. Instead, Builders' counsel only summarized how they spent the hours for which they billed. (ECF No. 192 at 2-3.) Accordingly, the court directed Builders' counsel to provide an itemized account of their billing related to the order for sanctions. (ECF No. 196.) Builders' counsel complied on March 3, 2020, filing an amended declaration and supporting records. (ECF Nos. 199 & 200.)

According to the amended declaration, R. Campbell Hillyer billed approximately 52.4 hours at an hourly rate of $285 for a total of $14,934.00, Kathryn K. Van Namen billed 31.3 hours at an hourly rate of $260 and 1 hour at an hourly rate of $280 for a total of $8,418.00, and a paralegal billed 2.1 hours at an hourly rate of $205 for a total of $430.50. (ECF No. 199, at 2.) The total amount of attorneys' fees claimed is $23,782.50.[1]

According to Builders' counsel, these billable hours pertained to the following:

(a) Notice of Noncompliance (Doc. 123): researching applicable rules, analyzing Defendants' document productions and comparing discrepancies in bank records, communications with counsel regarding same, drafting the Notice of Noncompliance; reviewing and analyzing Defendants' Response (Doc. 136)

(b) Hearing on October 24, 2019 (Docs. 171, 172): preparation for hearings, review of the Court's Orders setting hearings; attendance by counsel at hearings.

(c) Motion for Sanctions (Docs. 175, 176): additional briefing on the extent of Defendant's noncompliance with the Court's Order on Motion to Compel per the Court's request for additional briefing; drafting

---

[1] It must be noted that this figure is significantly higher than that of the initial declaration provided by Builders' counsel, in which the total sum requested was $17,151.00 in attorneys' fees. (ECF No. 192, at 2.) The initial declaration provided that Mr. Hillyer billed "approximately 39.9 hours at an hourly rate of $250 for a total of $9,975.00," while Ms. Van Namen "billed 36.8 hours at an hourly rate of $195 for a total of $7,176.00[.]" (Id.) According to the amended declaration, Builders' counsel inadvertently omitted billable hours from its calculations. (ECF No. 199, at 2 n.1.) The initial declaration also incorrectly listed the attorneys' hourly rates. (Id.)

> Motion for Sanctions and Memorandum in Support;
> full comparison of unredacted checks from Defendant
> with all invoices, work orders and purchase orders
> of the Defendants with Plaintiff; and researching
> relevant authority concerning sanctions.

(ECF No. 199, at 2-3.) Builders' counsel also provided redacted copies of invoices for services rendered. (ECF No. 200.) In response, SES argues that the amended declaration "is inadequate to support [Builders'] request for $23,782.50 in attorney's fees and the requested fees are excessive and should be reduced." (ECF No. 201, at 1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Attorney's Fees as Sanctions Pursuant to Rule 37

"It is well established that the scope of discovery is within the sound discretion of the trial court." Pittman v. Experian Info. Solutions, Inc., 901 F.3d 619, 642 (6ths Cir. 2018) (quoting Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993)). Federal Rule of Civil Procedure 37 governs imposing sanctions on a party that fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). In addition to listing permissible sanctions, Rule 37(b) dictates that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Accordingly, the court *must* order the disobedient party to pay the

reasonable expenses of the moving party *unless* the failure to comply was "substantially justified" or other circumstances render the award unjust.[2]

"Attorneys who seek fees have an obligation to 'maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended.'" Smith v. Serv. Master Corp., 592 F. App'x 363, 371 (6th Cir. 2014) (quoting Wooldridge v. Marlene Industries Corp., 898 F.2d 1169, 1177 (6th Cir. 1990)). "The party seeking fees has 'the burden of providing for the court's perusal a particularized billing record.'" Id. (quoting Perotti v. Seiter, 935 F.2d 761, 764 (6th Cir. 1991)); see also Ohio Right to Life Soc'y., Inc. v. Ohio Elections Comm'n, 590 F. App'x 597, 603 (6th Cir. 2014) ("It is the responsibility of the party seeking attorneys' fees to document its entitlement to fees."). The billing records provided should at least "identify the general subject matter" of each time expenditure. Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983)). "Where the documentation is inadequate, the district

---

[2]In granting Builders' motion for sanctions, the court found that "[t]he Davises provided Builders with altered checks and then tried to hide it[,]" conduct which "clearly qualifies as willful conduct committed in bad faith." (ECF No. 184, at 18-19.) This finding of bad faith "negates any substantial justification for [Defendants'] conduct." Brown v. Tellermate Holdings Ltd., No. 2:11-cv-1122, 2015 WL 4742686, at *14 (S.D. Ohio Aug. 11, 2015) (quoting New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp., No. 6:12-CV-91-GFVT-HAI, 2014 WL 5107466, at *17 (E D. Ky. Mar. 25, 2014)).

court may reduce the award accordingly." Smith, 592 F. App'x at 371 (citing Hensley, 461 U.S. at 433); see also Ohio Right to Life Soc'y., 590 F. App'x at 603 ("Supreme Court and Sixth Circuit precedent clearly permit trial courts to reduce attorneys' fees awards '[w]here the documentation of hours is inadequate.'") (quoting Reed v. Rhodes, 179 F.3d 453, 472 (6th Cir.1999); Hensley, 461 U.S. at 433)).

As discussed above, the court has already elected to impose sanctions on SES, deciding, when granting Builders' motion for sanctions, "to follow the mandate of Rule 37(b)(2)(C) by awarding attorneys' fees to Builders for the failure of SES to comply with the court's May 1, 2019 order." (ECF No. 184, at 24.) Accordingly, the court granted Builders' request for attorneys' fees for preparing their Motion for Sanctions and Notice of Noncompliance, as well as the cost and fees associated with their preparation and appearance at the October 24, 2019 hearing. (Id. at 24-25.) The only issue left for the court to resolve is the amount of attorneys' fees awarded to Builders.

**B. Billings Unrelated to Notice of Noncompliance and Motion for Sanctions**

1. Review of 897-page production

SES first asserts that the award of attorneys' fees should not include time spent by Builders' counsel reviewing the 897 pages of production documents.(ECF No. 201, at 3.) SES points out that

-6-

Builders' Notice of Noncompliance and subsequent Motion for Sanctions stem from the production of documents by SES on May 15, 2019. Specifically, SES produced 897 pages of documents from an All-In-Once computer, twelve of which included bank records that gave rise to Builders' Notice of Noncompliance. Accordingly, SES argues that "time spent prior to May 15, 2019 or which relates to Builders' review of the remaining 885 pages of documents should be non-compensable as Builders would have incurred such time independent of the Notice of Non-Compliance." (Id.) According to SES, "Builder's time entries do not differentiate between time spent reviewing non-bank records (which was the basis of the Notice of Non-Compliance) versus the 885 pages of non-bank records which Builders would have reviewed anyway." (Id.) SES argues that "[t]ime spent organizing documents that were unrelated to the Notice and would have been done anyway should not be compensable." (Id.) In addition, SES points out that "Builders is seeking compensation for reviewing all of the bank deposit records produced by Defendants, which is work Builders would have done anyway." (Id.)

According to Builders, "[t]he time entries included specifically reference a detailed analysis and comparison of Defendants' bank records to discover the extent of Defendants' deception and study the alterations made by Defendants to provide a comparison requested by the Court." (ECF No. 202, at 1.) The court is inclined to agree with Builders that the discovery

misconduct by the Davises warranted increased scrutiny of the documents they produced. Accordingly, the time spent by Builders' counsel reviewing the 897 pages of production documents is compensable to the extent that it related to the altered checks. The application of this conclusion to specific billing entries identified by SES is further addressed below.

2. Block billing

SES asserts that many billing entries include time spent on work beyond the scope of the court's order awarding attorneys' fees. According to SES, some of the billing entries involve work unrelated to the motion for sanctions and notice of noncompliance. In addition, SES asserts that "work that would have been done by Builders' counsel anyway is also lumped in with time entries relating to other matters such as the motion to withdraw filed by Defendants' prior counsel as well as Builder's prior motion for sanctions and the Magistrate's Report and Recommendations on such prior sanction motion, which time was not incurred in connection with Builders' Notice of Non-Compliance." (ECF No. 201, at 3-4.) It must be noted that "block billing is not per se prohibited." Howe v. City of Akron, 705 F. App'x 376, 383 (6th Cir. 2017). "[S]o long as the description of the work performed is adequate, block-billing can be sufficient." Smith, 592 F. App'x at 371. However, "if counsel's block billing relies on inadequate descriptions of the work performed, 'the district court may reduce the award

accordingly.'" Howe, 705 F. App'x at 383 (quoting Smith, 592 F. App'x at 371).

SES identifies the following billing invoice entries by Mr. Hillyer (RCH), Ms. Van Namen (KKV), and their paralegal (TLW) as non-compensable:

| 05/14/19 | KKV | Communications with Defendants' counsel regarding bank records and supplemental production. | 0.40 |
| --- | --- | --- | --- |
| 5/15/19 | TLW | Organize and bates number documents received from defendants. | 1.0 |
| 5/15/19 | RCH | ZIP drive review of folders and financial documents[.] | 2.30 |
| 5/16/19 | KKV | Review and analysis of Defendants' supplemental document production. | 1.00 |
| 5/17/19 | KKV | Discussions with Cam Hillyer regarding defendants' supplemental production of all-in-one computer records and bank deposit records; analyzing same. | 1.60 |
| 5/17/19 | RCH | Document review bank deposit records and emails and calls re: alterations and redactions by Defendants; call Defendants counsel | 3.20 |
| 5/21/19 | KKV | Analyzing deposit records produced by Defendants; Strategizing with Cam Hillyer regarding same; Communications with opposing counsel regarding withdrawal. | 1.50 |
| 5/21/19 | RCH | Review work orders, statement and cross reference SES deposit records; call with client about bank records redactions; call with Defendants counsel; review Motion to Withdraw as counsel filed by defendants attorney. | 2.60 |
| 5/24/19 | RCH | Review Report and Recommendation from Magistrate Judge on sanctions motion; discuss _____ an objection to report; Order from Court on noncompliance response due; emails and call from Defendants counsel. | 1.60 |
| 6/4/19 | KVV | Working on objection to magistrate's report and recommendation; receipt and review of Defendants' filings in response to notice of noncompliance. | 2.60 |

-9-

| Date | Atty | Description | Hours |
|---|---|---|---|
| 6/4/19 | RCH | Review 3 documents filed by Court for ex parte emails to Judge by Defendants, review Court order[.] | 2.40 |
| 7/24/19 | KKV | Communications with counsel for Defendants regarding prior Document production, deposition exhibits and redacted bank records, facilitated production of same to counsel. | 1.0 |
| 7/26/19 | RCH | Conference call with Defendants counsel re: bank records pending motions; review consent order and draft withdrawal of motion to strike pro se motions; review Judge minute entry for deadline extensions. | 2.10 |
| 8/8/19 | KKV | Communications with Cam Hillyer and opposing counsel regarding status of unredacted bank records. | 0.20 |
| 8/9/19 | RCH | Review Response to Notice of Noncompliance and emails with Coaty and KVN; pull Davis depo on competition and current status of SES. | 1.30 |
| 8/12/19 | KKV | Review and analysis of Defendants' response in opposition to notice of noncompliance; strategy discussions regarding possible reply to same with Cam Hillyer; reviewed deposition transcripts for cites regarding SES competition in insulation industry. | 2.00 |
| 8/12/19 | RCH | Unredacted bank deposit records review; pro se Response check for business statements; emails with Coaty. | 3.40 |
| 8/13/19 | KKV | Review and analysis of Defendants' unredacted bank records/comparison to redacted deposit records; discussions regarding same with Cam Hillyer | 2.00 |
| 8/14/19 | RCH | Conf call with Defendant counsel on status and records. | 1.30 |
| 8/14/19 | KKV | Communications with Cam Hillyer and opposing counsel scheduling conference call to discuss case status and response to notice of noncompliance[.] | 1.20 |
| 9/27/19 | RCH | Doc review _____; call with Davis counsel on Oct 17 hearing on sanctions. | 1.20 |
| 12/23/19 | RCH | Conf call with Defendants counsel on pending sanctions motion and court setting status conference; review docket for all motions disposed and pending emails with KVN on status | 1.20 |

| 1/17/20 | KKV | Review and analysis of order granting in part/denying in part motion for sanctions; communications with Cam Hillyer regarding same. | 1.00 |
| 1/21/20 | RCH | Review order on sanctions and emails ____ re: depositions and next step for atty fees. | 1.60 |
| 1/23/20 | RCH | Deposition phone call davis counsel; ____ atty fee affidavit for sanctions order. | 1.30 |
| 1/28/20 | RCH | Deposition notices filed; ____ call with SES counsel; draft sanctions fee award calculations and review all billing invoices. | 2.70 |

The above entries "aggregate 25.50 hours for Mr. Hillyer or $7,267.50, 14.5 hours for Ms. Van Namen or $3,790.00, and $205.00 for [TLW, the paralegal]." (ECF No. 201, at 7.) Thus, SES asserts that a total of $11,262.50 should be subtracted from the amount requested in the declaration submitted by Builders' counsel. (Id.)

Some of the entries identified by SES are problematic not necessarily because of block billing but because the entries do not fit the mandate of Rule 37(b) that the fees be "caused by the failure" of SES to comply with the court's order. See Fed. R. Civ. P. 37(b)(2)(C). As SES points out, some billing entries involve actions Builders' counsel would have taken regardless of SES's noncompliance. The entries for May 14, which involved communications with defense counsel regarding the supplemental production, and May 15, which involved organizing and bates-numbering documents, were not related to the altered checks. Accordingly, the court will reduce the reward of attorneys' fees by .40 hours for Ms. Van Namen and by 1.00 hour for paralegal TLW.

However, the time spent reviewing the supplemental document production and reviewing financial documents reasonably relates to the altered checks for the reasons discussed above. Only one other entry from May 2019 is problematic, specifically the May 24 entry involving review of the undersigned's Report and Recommendation and discussion of objecting to the report. The conduct described is not compensable, and the court will accordingly reduce the fees awarded by 1.60 for Mr. Hillyer. The other entries from May 2019 sufficiently describe compensable conduct related to SES's noncompliance.

The entries for June 4, 2019 also require reduction. Ms. Van Namen billed 2.60 hours for working on an objection to the undersigned's Report and Recommendation and for receipt and review of Defendants' filings in response to the notice of noncompliance. The court will reduce this entry by 2.00 hours. Similarly, Mr. Hillyer billed 2.40 hours for reviewing several documents filed by the court. The court will also reduce this entry by 2.00 hours.

Next, the billing entry for July 26, 2019 requires reduction. Mr. Hillyer billed 2.10 hours for a conference call, review of consent order, and drafting withdrawal of motion to strike *pro se* motions. Because not all of this conduct is compensable, the court will reduce this entry by 1.00 hour.

The billing entries from August 2019 sufficiently describe compensable conduct related to SES's noncompliance. SES argues

that the billing entries for August 9 and 12 are non-compensable because they involve deposition review. However, the billing entry clearly states that the deposition review was aimed at gaining information about SES's competition, a subject brought up by defendants in their *pro se* response to the notice of noncompliance. (ECF No. 161, at 4.) In the *pro se* response, defendants stated a fear of unfair competitive advantage as their reason for providing the altered checks. (Id.) Accordingly, the billing entries in question were sufficiently related to the altered checks and are compensable. Additionally, counsel for SES notes that the entries from August 14, reflecting 1.30 hours of work by Mr. Hillyer and 1.20 hours by Ms. Van Namen, describe a conference call with counsel for SES, according to whom the call lasted only .70 hours. (ECF No. 201, at 7.) While Hillyer's billing entry describes only the conference call with counsel for SES, the entry for Van Namen describes communications with both Hillyer and opposing counsel. Thus, it is reasonable to conclude that, if the call with defense counsel lasted only .70 hours, Hillyer and Van Namen spent the remaining time from their billing entries communicating with one another.

The September 27, 2019 billing entry involves preparations for the October 17 hearing on sanctions, which is compensable. The December 23, 2019 billing entry, on the other hand, includes non-compensable docket review. In addition, counsel for SES reports

having no records of a phone call with Mr. Hillyer occurring on that date. (ECF No. 201, at 7.) Because Builders' counsel does not dispute this point in their reply, the court will reduce the attorneys' fees awarded by 1.20 hours for Mr. Hillyer's December 23, 2019 billing entry. The compensability for the January entries identified by SES is addressed later on.

In total, this section recommends a reduction of the attorneys' fees requested by $2,482.00. This corresponds to 2.40 hours billed at $260.00 for Ms. Van Namen ($624.00), 5.80 hours billed at $285.00 for Mr. Hillyer ($1,653.00), and 1.00 hour billed at $205.00 for paralegal TLW.

**C. Duplicative Time**

SES additionally asserts that the declaration from Builders' counsel included duplicative billing entries by two attorneys. (ECF No. 201, at 8.) SES points to several entries indicating that Mr. Hillyer and Ms. Van Namen billed time for similar or the same tasks. For example, both attorneys reviewed documents, and both attorneys spent time preparing for the October 24 hearing. SES asserts that "only one lawyer's review time should be allowed." (Id.) According to SES, "the issues before the court were not so complex as to require two lawyers at the hearing and that only one attorney should [be] compensated for preparing for and attending the October 24 hearing." (Id.) The court rejects this argument. Given the fact that the Davises had previously produced altered

-14-

checks, it is quite reasonable for Builders' counsel to carefully sift through and review the subsequent production. In addition, as Builders points out, "it is common practice to have both an associate and a partner working on the same files[.]" (ECF No. 202, at 2.) The court declines to reduce the amount of attorneys' fees awarded on this basis.

**D.  Unsuccessful Efforts**

SES also argues that the award should be reduced because the motion for sanctions was granted only in part. (ECF No. 201, at 9.) According to SES, because the court decided not to grant Builders' request for default judgment, Builders is not entitled to attorneys' fees for the portion of its motion based on that request. (Id.) The court rejects this argument for several reasons. First of all, SES cites no case law for this proposition. Secondly, the sole legal basis SES provides for this argument is Fed. R. Civ. P. 37(a)(5)(C), which does not apply in this scenario where the court imposed sanctions under Rule 37(b) for failure to comply with a court order. Rule 37(a) applies only to motions to compel disclosure or discovery. Rule 37(a)(5)(C) provides that if such a motion is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." Thus, even if this provision applied here, which it does not, it would not require the court to lessen the fees awarded to Builders. In addition, Builders' request for a default judgment, although not

granted by the court, was not frivolous. Rather, the decision was close. The court sees no basis for reducing the fees awarded to Builders because it sought a severe sanction permitted by the Federal Rules. See Fed. R. Civ. P. 37(b)(2)(A)(vi).

**E.   Post-Ruling Billings**

Lastly, SES argues that Builders' post-ruling billings related to discovery are not compensable. (ECF No. 201, at 9.) SES writes as follows:

> Builders also seeks compensation for reviewing this Court's ruling on January 17, 2020 and for strategizing its future discovery efforts, calling opposing counsel for discovery scheduling and preparing deposition notices. These time entries (1/17, 1/21, 1/23, and 1/28) are noted above as including time which is unrelated to the preparation of the Notice of Compliance and Motion for Sanctions. Under the Court's ruling, Builders is not entitled to fees relating to future discovery. Further, time relating to "review and analysis" of the Court's order should not be compensable, or, alternatively, should be reduced in that Builder's motion was only granted in part.

(Id.) Builders does not argue this point in its reply. (ECF No. 202.) The undersigned agrees with the position taken by SES on this issue, and the award of attorneys' fees will be reduced accordingly. Specifically, the entries for January 17, 21, 23 and 28 will be removed from the total award. Between these dates, Ms. Van Namen billed 1 hour at an hourly rate of $280, and Mr. Hillyer billed 5.6 hours at an hourly rate of $285. (ECF No. 200, at 23.) This is a total of $280 for Ms. Van Namen and $1,596.00 for Mr.

Hillyer. Accordingly, the amount of attorneys' fees requested will be reduced by $1,876.00.

### III. RECOMMENDATION

Based on the foregoing analysis, the court recommends the initial request of $23,782.50 in attorneys' fees be reduced by $2,482.00 for block billings and billing entries unrelated to the notice of noncompliance and motion for sanctions, and by $1,876.00 for post-ruling billing entries. Based on this reduction of $4,358.00, the court recommends Builders be awarded $19,424.50 in attorneys' fees.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 2, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**